<div align="right">NEW-YORK,<br>October, 1811.<br><br>JACKSON<br>v.<br>CORY.</div>

<div align="center">Judgment reversed.</div>

<div align="center">———⊛———</div>

JACKSON, *ex dem.* COOPER and others, *against* CORY.

THIS was an action of ejectment for a lot of land in *Coopers-Town*, in the county of *Otsego*. The cause was tried at the *Otsego* circuit, in *May* last, before Mr. Justice *Van Ness*.

The lessors of the plaintiff having shown, in the first instance, a good title to the premises, the defendant gave in evidence a *deed* from *W. Cooper* and *A. Craig*, (under whom the lessors of the plaintiff deduced title,) to the *people of the county of Otsego*, bearing date the 22d *March*, 1791, for the premises in question, and a deed from the *supervisors of the county* to the defendant, dated 6th *October*, 1809, which sale was under the act of the

*A.* in 1791, granted a lot of land to "the people of the county of Otsego," on which a court-house and gaol were built by the supervisors, in 1792, and used by the county. In 1806, by an act of the legislature the supervisors were authorized to sell the court-house and gaol with the lot of land on which they stood; and they accordingly sold the land to *C.*

In an action of ejectment against *B.* it was held that the people of the county had no capacity to take by grant, and that the deed was void.

The act of the legislature, (sess. 24. c. 180.) enabling supervisors of counties to take conveyances of land, applies only to conveyances made to the supervisors by name.

A grant, to be valid, must be to a corporation, or to some certain person named, who can take, by force of the grant, and hold in his own right, or as trustee.

The act of the legislature, in 1806, did not authorize the supervisors to sell any thing more than such right or title as they had.

Conveyances by statute pass no other or different right than that which the party before possessed.

JACKSON
v.
CORY.

21st *February*, 1806, entitled, " An act for raising money to build a court-house and gaol in the county of *Otsego*," by which it was enacted, " that the board of supervisors were *authorized to sell* the then court-house and gaol and *the lot* on which they stood, (being the lot in question,) in such manner as they should think proper.

It was admitted that under the deed to the people of the county of *Otsego*, the supervisors had, in 1792, erected a court-house and gaol on the premises in question, and that they were used as such, until the sale by the supervisors to the defendant. A verdict was found for the plaintiff, subject to the opinion of the court, on a case containing the facts above stated.

*Campbell*, for the plaintiff. 1. The people of the county of *Otsego* were not competent to take a grant of land. To every deed there must be parties, a grantee as well as a grantor, and the grantee must be capable of receiving the grant, otherwise the deed is void.* Persons capable of granting, or receiving a grant, are either *natural* persons, or *corporations*. The deed could not operate as a grant to the people of *Otsego*, in their natural capacities, for there were no persons named ; and not being incorporated, they could not take as a corporation.† It will hardly be pretended that the counties are corporations ; and it was incumbent on the defendant, if he rests on that ground, to show that they are corporate bodies.

By the act of the 8th *April*, 1801, (sess. 24. c. 180. s. 8.) the *supervisors* are enabled to take conveyances of land for the use of the counties. This shows that the legislature did not consider them as corporations.

2. The act of the legislature, passed 21st *February*, 1806, (sess. 29. c. 18. s. 5.) authorizing the board of supervisors to sell the court-house and gaol with the lot of land on which they stood, in such manner as they might think proper, did not confer on the purchaser

* *2 Bl. Com.* 296.

† *Co. Litt.* 3. a.
*Com. Dig. Capacity,* B. 1.
*Kyd on Corp.* 6.
31. *Sugd. Law
of Vendors,* 388.

a title, if there was none in the county or supervisors. It was a private act, and could not authorize the supervisors to convey any other or greater interest than the county possessed. The rights of no persons can be affected by a private act, except the parties to such act.* The legislature, no doubt, were under a mistake, as to the title of the county, when they passed the act.

* 2 *Johns. Rep.* 268. *Cruise's Dig.* tit. 33. s. 31.

*Sedgwick*, contra. The defendant is a *bona fide* purchaser from the supervisors who represent the county. The lessors are *estopped*, by their deed, to say that the people of the county had no title.†

† *Shep. Touch.* 51, 52.

Again, a deed to the people of the county will pass the land to the supervisors, who represent the county, in the same manner as a deed to the administrators of *A.* without naming them, is good.‡

‡ *Bac. Abr. Grant,* (C.) *Vin. Abr. Grant,* (A. 4.)

Again, the legislature have passed an act to enable the supervisors to sell the land, which gives them the capacity to take it. And it makes no difference, in this respect, whether the act was public or private. *Cooper*, and the other lessors claiming under him, cannot, now, object, for they must be presumed to have consented to the act of the legislature. If it was the intention of the lessors that the land should not pass, they ought to have avoided the grant, before the passing of the act of the legislature.

*Henry*, in reply. The grant was to the *people* of the county, in their collective capacity. It cannot be pretended that they have, collectively, a capacity to take land.

There can be no *estoppel* in this case, for both parties must be bound by an estoppel, or neither. Then there is no mutuality; for the grantor would be estopped, and the incapacity of the grantee could never be objected, on the ground of an estoppel.

The act of the legislature authorizing the supervisors

NEW-YORK,
October, 1811.

JACKSON
v.
CORY.

to take, cannot render valid a prior deed to the people of the county; but shows that they had no capacity to take a grant of land.

The act authorizing the supervisors to sell, being a private act, can affect parties only. It is a mere naked authority to sell, without declaring the effect of the sale.

*Per Curiam.* The people of the county of *Otsego* had not a capacity to take by grant. They were not a corporate body known in law. It is a settled rule of the common law, that a community, not incorporated, cannot purchase and take in succession. (*Co. Litt.* 3. a. 10 *Co.* 26. b. *Com. Dig.* tit. *Capacity*, B. 1.) The act of 1801, (*Laws*, vol. 1. p. 561.) declaring valid certain conveyances to the supervisors of a county, does not apply to this case, for this was not a conveyance to the supervisors. A grant, to be valid, must be to a corporation, or some person certain must be named, who can take, by force of the grant, and who can hold either in his own right, or as trustee. (*Perkins*, s. 55. 2 *Johns. Cas.* 324.)

Nor can the act of 1806, authorizing the supervisors to sell the premises, be construed to devest the lessors of the plaintiff of their right. It is not to be presumed that the legislature intended to authorize the supervisors to convey any thing more than the right and title which they might have had in the lot. The act was, no doubt, passed under the impression that the supervisors had a legal conveyance for the premises; and from the principles contained in the case of *Jackson* v. *Catlin*, (2 *Johns. Rep.* 248.) and which has since been affirmed in the *court for the correction of errors*, conveyances by statute are not to be construed to pass any other or different right than that which the party before possessed. To take away private property by public authority, even for public uses, without making a just compensation, is against the fundamental principles of free government; and this limitation of

power is to be found, as an express provision, in the constitution of the *United States.*

For these reasons, judgment must be rendered for the plaintiff.

<div style="text-align: right">

NEW-YORK,
October, 1811.

</div>

<div style="text-align: center">Judgment for the plaintiff.</div>