BUNDY and others, trustees of the Otego Baptist Society, *vs.* BIRDSALL and others.

Individuals claiming to be trustees *de facto* of a religious society which has never been incorporated, cannot maintain an action against persons who are in the actual possession of land and the house of worship erected thereon, under a claim that they are trustees of, and represent, an incorporated society which owns the same ; for the purpose of having the plaintiffs declared to be legal trustees of the society and the successors in office of the grantees named in the original deed of the land ; and to have the plaintiffs, and those who adhere to, and act with them, declared to be the true and legitimate society, and entitled to the use, enjoyment and occupation of the house of worship ; and to compel the defendants to surrender the possession thereof to the plaintiffs and account for the use and occupation ; and that whatever the defendants and their associates may have done towards being incorporated, may be declared null and void ; on the ground that the plaintiffs truly represent the religious faith of those who took the deed of the lot from the original grantor and erected the house of worship thereon.

Trustees of religious societies cannot sue, as such, except by the corporate name or title of the society.

A deed of land, to trustees *de facto*, of an unincorporated religious society, conveys no title to the society.

MASON W. HUGHSTON and wife, by a deed bearing date the 13th day of September, 1828, granted and conveyed half an acre of land in Huntsville (now Otego) to Elisha Lathrop, Daniel Shepherd, James Bundy, Moses Bundy, William Shepherd, Michael Birdsall, Benjamin Shepherd, Peter Bundy and David Bundy, trustees of the Huntsville Baptist Society, and their successors in office. The deed declared that the grantors granted, bargained, sold, remised, aliened, released and confirmed the said land unto the grantees and to their successors in office for ever, together with all and singular the hereditaments &c., reversions, remainders &c., and all the estate, rights, title, interest &c., whatsoever of the grantors, either in law or equity, in and to the said land, with the hereditaments and appurtenances, to have and to hold the said land, hereditaments, rights, &c. to the grantees, and their successors in office, and to the sole and only proper use, benefit and behoof of the grantees and their successors in office for

ever. The deed contained the usual covenants of warranty that are inserted in ordinary warranty deeds. At the time the deed was executed the Huntsville Baptist Society was not incorporated; but the society erected a meeting house on the land and occupied it for divine worship. About the year 1831 the name of the town of Huntsville was changed by the legislature to Otego; and after that the society continued to occupy the meeting house for the purpose aforesaid, taking the name of the Otego Baptist Society. In July, 1856, the defendants, and those members of the society who acted with them, attempted to incorporate the society under and in pursuance of the statute in such case made and provided; and the defendants claimed that such society was then duly incorporated, and that they were the trustees of the society. The defendants and those of the society who acted with them and recognized them as trustees, got possession of the meeting house, and have since had divine service therein on Sundays and at other times. The plaintiffs claimed that they were entitled to the possession of the meeting house, and that they were the legal trustees of the society; but they did not claim to have been elected by the society under the alleged incorporation of it in 1856.

This action was brought for the purpose of having the plaintiffs declared to be the legal trustees of the Otego Baptist Society, and the successors in office of the grantees named in the aforesaid deed; and to have the plaintiffs and those who adhere to and act with them, declared to be the true and legitimate Baptist society in Otego, and entitled to the use, enjoyment and occupation of the meeting house; and to compel the defendants to surrender the possession of the meeting house to the plaintiffs, and account for the use and occupation thereof. The plaintiffs also asked to have whatever the defendants and their associates did in 1856 towards being incorporated declared null and void. Other relief was also demanded. After the answer was served, the action was referred to a referee to hear and determine. He reported in favor of the defendants,

and found that the plaintiffs were not the trustees of the Otego Baptist Society. Judgment was entered on such report, in favor of the defendants, for $215.63 costs. The plaintiffs appealed from the judgment to the general term of the court. All other facts necessary to a correct understanding of the questions determined in the case are contained in the following opinion of the court.

*L. L. Bundy*, for the plaintiffs.

*L. J. Burditt*, for the defendants.

*By the Court*, BALCOM, J. The plaintiffs are not named as grantees in the deed of the land in dispute, that was executed by Hughston and wife in 1828; nor have the grantees named in that deed ever conveyed the land to the Huntsville or Otego Baptist Society; and the plaintiff's counsel has conceded that the plaintiffs and their associates are not legally incorporated. His position is that they are trustees of the society, notwithstanding its lack of a corporate existence, and that they have all the rights that the grantees named in the deed from Hughston and wife took under and by virtue of that conveyance; in other words, he insists that the plaintiffs can maintain the action, as trustees *de facto* of the society, though it has never been incorporated, if they truly represent the religious faith of those members of the Baptist denomination of christians who took the deed from Hughston and wife and erected the meeting house on the land therein described. This position is clearly untenable. The defendants are in the actual possession of the land and the meeting house thereon, under a claim that they represent a corporation that owns the same; and in no view of the case can it be said that the plaintiffs have any more than a moral right to the possession thereof.

If the society had been legally incorporated, and the plaintiffs were its trustees and entitled to the possession of the land

and meeting house thereon, the action should have been brought in the corporate name of the society. (3 *R. S.* 2d ed. 208, § 4. *The People ex rel. Fulton* v. *Fulton,* 1 *Kern.* 94.) For the plaintiffs do not set up any claim to the land or meeting house in their individual characters, but only as representatives or trustees of the society; and trustees of religious societies cannot sue, as such, except "by their corporate name or title." (3 *R. S.* 2d ed. 208, § 4.)

It is unnecessary to determine whether the defendants are trustees of the Otego Baptist Society, or whether they lawfully represent it; for the reason that the plaintiffs have no legal or equitable title to the land in dispute, and no legal or equitable right to the possession or use of the meeting house thereon.

The legal title to the land is probably in the grantees named in the deed from Hughston and wife; but if the defendants and their associates were duly incorporated in 1856, as they claim to have been, and truly represent the society named in that deed, perhaps they could compel the grantees therein named to convey the land to the society, by an action to be brought in its corporate name. (*See Robertson* v. *Bullions,* 9 *Barb.* 64; 1 *Kernan,* 94; 3 *R. S.* 2d ed. 208, § 4.) But that question need not be decided. It is enough to defeat this action that the plaintiffs have no title to the land, and no legal or equitable right to the possession thereof or the meeting house thereon.

It will not be expected that I should cite authorities to establish that a deed of land to trustees *de facto* of an unincorporated religious society conveys no title to the society. It is sufficient to say that neither the decision of the supreme court, nor that of the court of appeals, in *Robertson* v. *Bullions,* (1 *Kernan,* 243,) relied upon by the plaintiffs' counsel, shows that an unincorporated religious society can acquire title to land by such a deed.

It is a settled rule of the common law that a community, not incorporated, cannot purchase and take property in succession. (*See Jackson* v. *Cory,* 8 *John.* 385; 9 *id.* 73.)

We are not required to determine the moral rights or religious duties of the parties, touching the matters in controversy; therefore nothing more need be said in the case, except to announce the conclusion that the judgment in the action should be affirmed, with costs.

Decision accordingly.

[TIOGA GENERAL TERM, January 4, 1859. *Mason, Balcom* and *Campbell,* Justices.]