JOHN DOW *v.* EPPING.

Where the cause of action in the declaration is single and indivisible, a plea of tender or a confession is an admission of the cause of action, laid in the declaration.

But where the cause of action is divisible, as where there are several counts in the declaration, a plea of tender or a confession, accompanied by the general issue, is held simply to admit some cause of action alleged, and that plaintiff is entitled to recover the amount tendered or confessed for such cause, but the tender or confession is no admission beyond that.

Defendant town elected no highway surveyors at its annual meeting, and the selectmen directed W. to act as a highway surveyor in his district, and he did so. They issued a warrant in common form, addressed to him as highway surveyor of said district, directing him to collect in labor the several taxes specified in his list, and defining the limits of his district, &c., which warrant he accepted and acted under through the year, and after he had caused all the taxes in said warrant to be expended in labor in said district, he purchased of D. for the town a lot of stones to be used in repairing a bridge in said district and agreed upon the price of the same, as such surveyor, and the stones were taken and used accordingly. In a suit by D. to recover of the town the price of the stones, *held* that the town could not be heard to deny that W. was highway surveyor in said district, even though his appointment may not have been in writing, or his appointment and the certificate of his oath of office may not have been recorded in the records of the town.

The selectmen of a town, as its prudential officers, may appoint an agent to build or repair highways or bridges, in cases where by law it becomes their duty thus to build or repair as such selectmen.

ASSUMPSIT for stones sold and delivered. Plea, tender of $15, and general issue as to the rest of plaintiff's claim.

In August, 1866, a bridge in a highway in Epping, in the highway district in which plaintiff resided, being defective, Ordway, Prescott and Jenness, who acted as selectmen that year, directed one Willey, who acted as highway surveyor in that district, to repair the bridge. Willey bargained with plaintiff to take stones from plaintiff's land, the price to be fixed by Willey and plaintiff, after Willey should ascertain how many he wanted. Willey took the stones, put them in the bridge, and afterwards agreed with plaintiff that the price should be $30. Defendant claimed that Willey had no authority to bind the town, and that the stones were not worth more than $15.

W. H. Dow, a son of plaintiff, testified that he saw Prescott at the bridge sometimes when the repairs were going on; that witness was employed by Willey to assist in getting out the stones, and that he was

paid for his labor by the collector's allowing it for taxes, his bill for labor being allowed by the selectmen.

The deposition of one Sanborn may be referred to as a part of the case, the answers to interrogatories 6, 9 and 10 being objected to by defendant.

No highway surveyor was elected by the town. Willey had received from Ordway, Prescott and Jenness, a small printed book called the N. H. Highway Surveyor's Account Book, which may be referred to as a part of this case, and which contained the statutes relating to surveyors, and, among other things, the following, signed by Ordway, Prescott and Jenness, April 19, 1866:

### "STATE OF NEW HAMPSHIRE.

ROCKINGHAM ss.    To John Willey, Esq., Surveyor of Highways for District No. 19, in the town of Epping, &c., for the year 1866.

In the name of the State, you are required to give personal notice to each person named in the list herewith committed to you," &c., &c; and other printed directions as to the duties of surveyor, and a written description of the limits of said district.

Before the bridge was repaired Willey had given notice to the persons whose names were on his list, including plaintiff, and they had worked out their highway taxes under him, except a portion reserved for winter tax.

About a month after the stones were taken, Willey and plaintiff agreed that the price should be $30; and on plaintiff's bill, made out against defendant for that amount, Willey wrote an approval, signing it "John Willey, Surveyor."

Subject to plaintiff's objection, Willey testified on cross examination, that, in buying the stones he acted not as surveyor, but as agent of the selectmen; and that he worked on the bridge as an individual, and not as surveyor, and was so paid.

Subject to defendant's objection, plaintiff testified that he understood that Willey, in buying the stones, acted as surveyor. Willey testified that he did not inform plaintiff that he was, or was not, buying the stones in any particular capacity.

No appointment or oath of Willey was recorded on the books of the town. Subject to defendant's exception, plaintiff was allowed to prove by Prescott that Willey took the oath of office before him, before the list was committed to Willey.

Prescott testified that the selectmen had the supervision of the repairs, hired the men and paid them.

Willey testified that he did not pay any of the men who worked on the bridge, and that none of them were paid by credits on their taxes.

By agreement of parties the case was taken from the jury, judgment to be rendered by the court for either party, or case to be discharged, and this case was reserved.

*Small*, for plaintiff.

There are two counts in the writ: First, indebitatus assumpsit; second, account annexed.   The account is as follows:

> "The town of Epping,
>                                        To JOHN DOW, DR.
>    1866.   November 27.   To stones for North River bridge, $30."

The plea of tender admits the premises in both counts as alleged.   3 Stark. Ev. 1072.

The second count with account annexed is special.   The promise alleged in that is to pay the plaintiff $30, *for stones sold and delivered the defendant for North River bridge.   Newmarket Iron Foundry* v. *Harvey*, 23 N. H. 406.

The plea admits the contract, and the defendant being a corporation which can only act by an agent, the plea admits the contract to have been made by an agent having competent authority, and the defendant was not entitled to show that the agent acted in any particular capacity for the purpose of limiting its liability.

The action is founded upon a special contract between the parties, and not on a promise implied by law, and it was not open to the defendant to introduce evidence to reduce the contract price of the stones.   *Huntington* v. *American Bank*, 6 Pick. 340.

As surveyor of highways, Willey was the proper officer to purchase these materials.   *Rollins* v. *Chester*, 46 N. H. 411, and authorities.

If it had been necessary for the plaintiff to show Willey's authority, the evidence offered that he was an officer *de facto* was sufficient.   Gilchrist's Digest, 388, 6 Title Officer *de facto;* Bell's Digest, 421, Title Officer.

The acts of Willey as such officer were valid as to these parties, and could not be called in question in this case.

*Frink*, for defendant.

The pleas were tender as to fifteen dollars, and the general issue as to the rest of the plaintiff's claim.

The defendant qualified its plea of the general issue, by confining it to the balance, only, of the plaintiff's claim, and admitted its liability only as to the sum tendered.

The plea of tender to general counts in the plaintiff's declaration admits the plaintiff's cause of action only "*pro tanto*," leaving the rest of the claim to be proved and defended under the other pleas.

"By the plea of tender we did not admit any special contract, but only confessed generally our liability to pay, upon some cause of action set up in the plaintiff's writ, an amount not exceeding the sum tendered."

"If the plaintiff claimed to recover any farther sum he must prove a contract express or implied, upon which we are indebted to a greater amount."   *Hubbard* v. *Knous*, 7 Cush. 558 ; *Howlett* v. *Holland*, 6 Grey 414; *Kingman* v. *Robbins*, 5 M. & W. 929.

The case of *Huntington* v. *Bank*, 6 Pick., cited by the plaintiff's counsel, has been overruled or reconsidered in *Hubbard* v. *Knous, ante*.

The declaration here is general, and not special, as contended by the plaintiff.  See cases, *ante*.

II.   But if the plea of tender had admitted the plaintiff's cause of action to the extent and in the manner he claims, it does not acknowledge Willey's authority to bargain for us.

The plaintiff's declaration was so general that it gave us no suspicion that he made the bargain with Willey, and if it were holden that we have admitted by our plea that some one having authority contracted for us, yet we have nowhere upon the record admitted it was Willey, or that we would be bound by his acts.

This point in the case may be stated thus :

The question of damages is open.   The plaintiff attempts to close it by saying he bargained with one Willey, our agent, at a price stated. We deny he was our agent.   The plaintiff says we are shut off from this denial, and he is saved the necessity of proof of his authority by our plea.   In fact, that our plea admits all that it is necessary for the plaintiff to show to make out his case.

The untenableness of the plaintiff's position, we think, is made very apparent by a supposititious case.

Supposing that some one, having our authority, had contracted with the plaintiff for these stones for the sum of fifteen dollars.   We tender that sum, it is refused, suit is brought and we plead tender.   Then upon trial the plaintiff attempts to show that he bargained with some indifferent person for thirty dollars.

Is the plaintiff in such a case not to prove the authority of this person, and is it not open to us to show his want of authority to bind us as to price ?

If not, then when a corporation has once pleaded tender, it has admitted, without evidence of authority, its liability to pay according to the terms of the contract, with any person who may have assumed to act for it.

III.   The evidence in the case shows all the title Willey could have to the office of surveyor.   The court, therefore, must determine his authority to act in this behalf, from all the evidence.   *Peirce* v. *Richardson*, 37 N. H. 309.

And if it would have been sufficient to have shown in the first instance that he was an acting officer, yet, when evidence was introduced, tending to show his appointment, and the evidence was insufficient for that purpose, it concluded any presumption as to his qualification by reason of his having acted as an officer.   *Peirce* v. *Richardson, ante*.

It is not seriously contended by the plaintiff that Willey was an officer "*de jure*," because there is no evidence of any appointment.

The book given to him contained no commission, but was one only of advice and instruction.

But in the case at bar it was not enough for the plaintiff to show in the first instance that Willey was an officer *de facto*.

His authority did not come incidentally in question, but it was the sole fact in issue in the case.

Willey, too, denies upon his cross examination that in the contract he acted as a public officer.

SARGENT, J.   A plea of tender, paying money into court upon the common rule, and confessing judgment for a certain amount under the statute, in many particulars, stand upon the same ground and have the same effect.   In either case the defendant may plead, as to the residue which is not tendered, paid or confessed, the general issue or may file an off-set.

In either case, the tender, the payment into court, or the confession, is held in general terms to be an admission of the contract declared on. *Buzzell* v. *Snell*, 25 N. H. 474, and cases; *Kelley* v. *Dover*, 18 N. H. 566, and cases; *Corey* v. *Bath*, 35 N. H. 331; *Pittsfield* v. *Barnstead*, 38 N. H. 115; *Hackett* v. *B. C. & M. Railroad*, 35 N. H. 398.

Where the cause of action in the declaration is single and indivisible, there the tender or confession is an admission of some cause of action corresponding with that laid in the declaration.   *Corey* v. *Bath*.   But where the cause of action is divisible, as where there are several counts in the plaintiff's declaration, the tender, payment or confession, cannot be construed as an admission in relation to any portion of the residue in respect to which the general issue is also pleaded.   *Pittsfield* v. *Barnstead*, *Hackett* v. *B. C. & M. Railroad*, *supra*.

In such a case where the cause of action is divisible, the tender, confession, &c., accompanied by the general issue, is held simply to admit some cause of action alleged, and that plaintiff was entitled to recover the amount tendered or confessed for such cause, (*Hackett* v. *Railroad*,) and that the tender or confession is an admission no further than that, and in several cases it has been held that the plea of tender, confession, &c., stands upon the same ground as any other plea, and all stand upon the same common principle that where several pleas are filed, they are to be tried precisely as if each was pleaded alone, and that the admissions expressed or implied in one plea, cannot be used as evidence against the party upon any other issue; (*Buzzell* v. *Snell*, *supra*;) and that a confession of the amount claimed upon a single item of plaintiff's account, that claim or item being in its nature divisible from the other items in the same account, is to be regarded as a special plea to that particular item of the account, as to all the rest of which the general issue is pleaded; and that where there are several distinct pleas, the plaintiff cannot use one plea, or any admission expressed or implied in it, as evidence of any fact which is denied in any other plea; and that where several issues are joined, an admission involved in one does not operate as an admission in relation to any other.   *Pittsfield* v. *Barnstead* is a strong case directly in point.   This must, we think, upon an

examination of the authorities, be considered as the settled law of this State.

In *Pittsfield* v. *Barnstead*, the confession was of a particular item in the plaintiff's account. But the defendant may confess the plaintiff's action to a certain extent, or that a certain amount is due the plaintiff without specifying the particular item or items in the plaintiff's specification to which his confession is to be applied. *Richey* v. *Cooper*, 45 N. H. 414. In the case before us there are two counts in the declaration, one on a *quantum meruit*, the other on an account annexed to the writ. The defendant does not state to which count he intends to have the tender apply. If he intended it to apply to the first count, as he evidently did, it would simply be an admission that the town had used and received the benefit of the stones in question, and that they were worth fifteen dollars, and would admit nothing more than that; and if the plaintiff would recover more, he must prove under that count that the stones were worth more than that sum, or he must prove a special contract under his second count, and that the town had in some way promised to pay the sum of thirty dollars for the same, as charged in the account annexed. We do not think that the plea of tender in this case can be held to admit any special contract, or to be an admission of anything under this second count in the declaration.

Had Willey who contracted for the stones in this case, authority to bind the town?

Towns may choose highway surveyors at their annual meeting; Rev. Stats. ch. 55, sec. 3 ; but in case the town does not thus choose them, then the selectmen shall appoint them, and they shall enter upon their duties on the fifteenth day of May. Pamph. Laws 1862, ch. 2620. The case finds that no surveyor for this district was elected by the town. It therefore became the duty of the selectmen to appoint one, and this appointment is to be in writing, and the officer is to be duly sworn, and his appointment and the certificate of such oath are to be recorded in the records of the town. Rev. Stats. ch. 36, sec. 6. The case finds that there was no such record in the books of the town. But it does not appear but that Willey was appointed in writing by the selectmen, and it does appear affirmatively that he took the oath of office before he received his warrant. It does not appear whose fault it was, whether Willey's or the selectmen's, that this appointment, if one was made, was not recorded, or whose fault it was that the oath thus taken was not properly certified and recorded.

But it does appear that the acting selectmen of the town, on the nineteenth of April, 1866, committed to Willey his warrant as highway surveyor of that district for that year, which we take to have been a warrant in common form as given in the Town Officer, 5th ed. p. 194, which was addressed to him as the highway surveyor of that district for that year, in which he was commanded and required in the name of the State, to give such notice as the law required to all persons whose names were contained in the accompanying list, to work out the taxes set against the name of each at a given time and place, giving him directions as to the compensation to be allowed for such labor, limiting his

highway district, and ordering him, in case of failure to work out the taxes, to make distress, &c., and giving him orders how to proceed in such cases, and ordering him at the end of his official year to settle with, and pay over any balance in his hands to, the selectmen, which warrant was signed by all the acting selectmen.

Under this warrant, the case finds that Willey had acted as surveyor in said district. He had given notice to all whose names were in his list including this plaintiff, and they had all worked out their highway taxes under him as surveyor. After the taxes in this district had been all thus worked out, this bridge from some cause needed repairs, and the acting selectmen ordered Willey, as the acting surveyor of said district, to repair it, the selectmen as it would seem having some general oversight of the work and paying the bills for labor done on the bridge, in behalf of the town.

Willey bought the stones of the plaintiff to use in the repairs of said bridge, and they were thus used; the price was to be agreed upon after all should be taken that might be needed for that purpose; and the price was thus agreed on subsequently, at thirty dollars, and Willey gave a certificate in writing of that fact, signing it as such surveyor.

And though Willey now thinks that in buying these stones he acted as agent for the selectmen, and not as surveyor, yet he says that he did not disclose that fact to the plaintiff; while plaintiff testifies that he understood that Willey was acting as surveyor in the whole transaction, and we think that he had a right so to think, and we think that Willey thought so at the time whatever he may think about it now. There would seem to be no good reason why he should act in one capacity in a part of the transaction, and in another capacity in another part. When he agreed upon the price of these stones he evidently understood and intended the plaintiff should understand that he was acting as surveyor, and we cannot doubt that this was the way that both understood it all the way through. Certainly, from all the circumstances, the plaintiff was authorized to think so.

Now, if Willey was surveyor, he had the power and the right to purchase these stones for and upon the credit of the town. Rev. Stats. ch. 55, sec. 14; *Rollins* v. *Chester*, 46 N. H. 411, and cases.

If Willey had undertaken to collect any of these taxes by distress, and had been sued as a trespasser, he might not have been able to justify himself on the ground that his appointment, &c., was not properly recorded. But that is not this case. The question here is, Did Willey so act and was he so authorized to act by the proper agents of the town, that third persons were authorized to treat and trade with him as a surveyor, and if persons did thus trade with him, is he and is the town in a position to deny his authority? We think the town by its acts is estopped to deny it.

It is held that the grant of land by the State to a party not previously capable of holding it, will be construed as conferring that capacity. *Jackson* v. *Corley*, 8 Johns. 385; *Hembeck* v. *Westbrook*, 9 Johns. 73; *Goodall* v. *Jackson*, 20 Johns. 706; *Jackson* v. *Etz*, 5 Cow. 314; *Jackson* v. *Seavey*, 5 Cow. 397.

And in *State* v. *Turnpike Co.*, 15 N. H. 162, it was held, that, if the legislature by its acts recognized the subsequent and continued existence of a corporation, such recognition will be a waiver of any forfeiture previously incurred. The same is held in New York. *People* v. *Manhattan Co.*, 9 Wend. 382; *People* v. *Kingston Turnpike*, 23 Wend. 193. So in *Bow* v. *Allenstown*, 34 N. H. 351, where it is held that an act of the New Hampshire legislature annexing other territory to the town of Allenstown must by implication make Allenstown a town, if it was not a town before.

When the agents of a town have directed and required a citizen of the town to act as a highway surveyor in his district, and he has so acted in all respects, and performed all the duties of that office through the year; has received and accepted his warrant as highway surveyor, and acted under it, and has purchased of a third person, as such surveyor, property for the use and on the credit of such town, and the property has been received by the town and used in constructing its public works, we think the town cannot be heard to say, as against such creditor, that the person who thus acted and traded with him was not surveyor of said district.

It might be doubtful whether the case would not stand as well for plaintiff upon the ground that Willey acted as agent for the selectmen in purchasing these stones. In *Baker* v. *Shepard*, 24 N. H. 212, it is held that an agent may be appointed by the selectmen to build a new highway, such selectmen acting as the prudential agents of the town. In that case the agent had an appointment in writing directing him how to proceed, but it does not appear that it was recorded, but it was held that such warrant was sufficient evidence of his appointment. It was also held that the recognition of this person as their agent by the selectmen, or their settlement with him, and their allowance of his accounts as agent, would also be sufficient evidence that he was their agent.

Now it appears that the taxes in this district were all worked out before this bridge was repaired, and though the case is silent upon the point, yet it may perhaps be fair to presume that all the taxes raised that year in the town for the repairs of highways had also been expended, in which case it would become the duty of the selectmen to repair this bridge at the expense of the town. *Wells* v. *Goffstown*, 16 N. H. 53; *Rollins* v. *Chester*, 46 N. H. 411.

If the selectmen could appoint an agent to build a new highway, which it was their duty to build, as it was not yet in any existing highway district, they might as well appoint one to build a new bridge or to rebuild or repair one, in a case where it devolved upon them as selectmen to do it. And if such agency might be proved by showing that the selectmen had recognized the person thus acting as their agent, there would not be much doubt, probably, of the liability of the town in this case, for the case finds that the acting selectmen directed said Willey to repair the bridge. Willey also testified that he bought the stones as agent of the selectmen, and when the authority of an agent is by parol, he is a competent witness to prove the authority and to show that he

acted within the same.    *Downer* v. *Britton*, 26 N. H. 338 ; *Kent* v. *Tyson*, 20 N. H. 121 ; *Moses* v. *B. & M. Railroad*, 24 N. H. 72.

Although Willey may have acted as surveyor or agent in buying the stones, so as to bind the town for their reasonable value, yet if there was any collusion or fraud· between Willey and the plaintiff in fixing upon the price, the town would not be bound by such agreement as to value ; but if this agreement was honestly made, that would bind the town the same as the original contract of purchase.

*Judgment for plaintiff for $30 damages.*