No. 13,824.

GLOBE REALTY COMPANY, LTD., vs. W. R. M. WHITNEY.

SYLLABUS.

The corporations authorized to be formed by Act No. 36 of 1888 have no exist-
ence until they have obtained a capital stock of five thousand dollars. The
title of real estate purchased in the name of such a corporation, prior to its
having obtained such capital stock, does not vest in the corporation, nor does
the property become the property of the corporation by the simple fact of its
subsequent acquisition of capital stock to the amount legally required. Title
to the property has to be transferred to the corporation before it can convey
such a title as a purchaser could be forced to accept.

APPEAL from the Civil District Court, Parish of Orleans—
Sommerville, J.

F. Rivers Richardson, for Plaintiff and Appelle.

David B. H. Chaffe, for Defendant, Appellant.

The opinion of the court was delivered by
NICHOLLS, C. J. The defendant agreed to purchase a certain
piece of property, but declined signing the act of sale, urging that
the title tendered was not valid.

The following agreed statement of facts comes up with the record. It
is admitted that the plaintiff has a title to said property described,
which on its face appears good and valid.

2nd. It is admitted that defendant agreed to purchase said property
for two thousand one hundred dollars, part cash and part on terms, and
that his offer was duly accepted, and notice of the acceptance given de-
fendant.

3rd. It is further admitted that defendant declined to comply with
his agreement of purchase, and that the plaintiff is ready and willing,
and has offered to comply with its part of said agreement on payment
of the purchase price, which offer has been declined by the defendant.

4th. It is agreed that a certified copy of the charter of plaintiff
shall be, and is offered in evidence, as also certificate from the sec-
retary of State showing that plaintiff has complied with the terms of
Act No. 59 of 1898.

5th. It is admitted, subject to the objection of plaintiff, that said

evidence is illegal, irrelevant and that defendant has no right or interest to raise such question, but same can only be raised by the State in some proper proceeding; that only two thousand dollars of the capital stock of plaintiff corporation was subscribed for, when it commenced doing business, and only a subscription for said amount of said capital stock was recorded in the mortgage office, and that matters were in this state when the property herein involved was acquired; that subsequently the entire capital stock of said corporation was subscribed for, and an additional list for said balance of said capital stock was recorded, but this was subsequent to the acquisition of the property involved, yet prior to the execution of the agreement sued upon.

6th. It is further admitted that when the charter of plaintiff was passed, it, at once, commenced business thereunder, elected a board of directors and officers, and since then has been an active user of the rights conferred on it by said charter.

The District Court ordered the judgment in favor of the plaintiff, and defendant appealed.

## OPINION.

We are of the opinion that the judgment appealed from is erroneous, and it should be reversed and set aside.

By the first section of Act No. 36 of 1888, authorizing the formation of corporations for certain purposes, limiting the capital of the same, and the liability of the stockholders thereof, the corporations therein provided for are required to have a capital stock of not less than five thousand dollars. There can be no existing corporation until such capital stock shall have been obtained. Action of any kind, prior to the obtaining of such capital stock, is not corporate action. The property which the plaintiff company agreed to sell to the defendant, and which defendant agreed to buy, was purchased before the plaintiff became a legal corporation, and therefore its title did not vest in the corporation. It has not been transferred to it since. The plaintiff has, therefore, no right to sell it.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from be, and the same is hereby annulled, avoided and reversed, and it is now ordered, adjudged and decreed that there be judgment in favor of the defendant against the plaintiff, and plaintiff's demand is rejected, and the suit dismissed—costs in both courts to be borne by the plaintiff.