December 21, 1903.

———o———

No. 3320.

(Court of Appeal, Parish of Orleans.)

ROSENGARTEN & SONS vs ALBERT MACKIE ET ALS.

1. Act 36 of 1888 provides certain conditions precedent which must be complied with before the association can acquire corporate existence.
2. In the absence of such compliance, the organizers incur responsibility for the acts of the concern.

Appeal from Civil District Court, Division C.

E. Rightor, Plaintiff and Appellee.

C. A. Schrieber and G. Fernandez, Sr., Defendant and Appellants.

DUFOUR, J. The plaintiff sue the defendants as commercial partners doing business under the firm name of the Southern Confectionery Company, Limited, on a note made by the latter.

The answer denies the alleged partnership and avers that the concern was a corporation which alone is liable for the note.

In Malinkrot vs Grunberg No. 2847 of our docket, in holding the same defendant incorporators liable as partners under the very charter now in question, we said:

"The charter of the corporation is dated February 10, 1899, and

recorded on the same day; reciting that the capital stock was $25,ccо, and was to commence business at once; yet it shows that $800 worth of shares were subscribed."

The use of the word "limited" and the reference in the charter to Act 36 of 1888, leave no doubt as to the fact that incorporation was intended under that statute, and the defendants cannot now be heard to say that the nature of the business placed them within the purview of Act 111 of 1882.

No shifting of position working injury to a creditor can be tolerated. In the Globe Realty case, No. ——, of our docket, we said:

"The capital stock subscribed is a condition precedent to its life as a corporation. It cannot come into being until that element of its creation exists. Individual liability of the incorporators is substituted only by that minimum fund. In its absence individual responsibility attaches, and where it does it is because there is no corporation."

The same doctrine was announced by the Supreme Court in Globe Realty Co., Ltd, vs Whitney, 106 La. 257.

We adhere to the view previously expressed that the incorporation was fatally defective and hence the incorporators are personally liable for the debts of the concern.

Judgment affirmed.

December 21, 1903.

Rehearing refused.

Writ refused by Supreme Court.