May 1st, 1905.

———o———

No. 3699.

(Court of Appeal, Parish of Orleans.)

MRS. MARY ANN ELLERMAN vs. THOMAS AND JOHN RIDGLEY.

Appeal from Civil District Court, Division "C."

A. Hero, Jr., for Plaintiff and Appellee.

P. M. Milner, for Defendant and Appellant.

1. Whenever parties have attempted to form a corporation and have executed, received and published the charter, all acts done and contracts made by such corporation shall be treated as the acts and con-

tracts of valid corporations, so far as affects the rights and obligations of the corporation.

2. In a recent decision we held that the question of the corporate existence of the corporation in question herein, *quoad* the validity of its contracts, had been affirmatively settled by the passage of Act 78 of 1904.

3. Considering the declarations of the deed of sale, the act of 1904 and our decision under its terms, our conclusion is that the title tendered is good and must be accepted.

DUFOUR, J. The adjudicatees of certain real estate decline to accept title on the grounds that one Andrew Cunningham sold the property in 1897 to the Globe Realty Company, which, by decree of the Supreme Court, had been declared not legally incorporated. and that therefore the title vested in A. O. Cunningham, John M. Cunningham and Wm. H. Wright, the incorporators.

In consequence of that decision, the legal objections were obviated by obtaining subscriptions to the entire capital stock of the corporation, and duly registered in the public records the names of the subscribers and the amount of their subscriptions.

In October, 1902, the Cunninghams and Wright transferred to the Globe Realty Co. all their rights to the property, in a deed containing the following declarations:

"Whereas, the Supreme Court of Louisiana has held in the case of the Globe Realty Company, Ltd., vs. Whitney, 106 La., 257, that the said company was not an actual existing corporation until its subscription list to its capital stock amounting to $5,000.00 was duly recorded in the Mortgage Office in the City of New Orleans, which was not done until December 5th, 1900, and whereas there might result by operation of law and otherwise, in each or any of us, a partnership, or joint ownership, or interest in all or any of the property acquired in the name of said Globe Realty Co., from the original date of the charter,

September 25th, 1897, up to December 5th, 1900, we do hereby declare that it was our intention to form a corporation, that we believed we did succeed in forming a corporation, that we conducted our business as a corporation, and that when we transferred our certificate of stock we intended thereby to dispose of any interest or ownership we had then, or might at any time have, in any and all property standing in the name of the attempted corporation. This act is intended also as an act of ratification and confirmation of any sale or sales that may have been made by the Globe Realty Co. of any property acquired by it in its name prior and subsequent to the decision of the Supreme Court herein referred to as fully as if same had been joined indirectly by each of us at the time of the passing and signing of the written evidence of the sale."

Section 2 of Act 78 of 1904, provides, "that whereas parties have attempted to form a corporation and have executed, recorded and published the charter, all acts done and contracts made by such corporations shall be treated as the contracts and acts of valid corporations so far as affects the rights and obligations of the corporation."

In a recent case, No. 3538 of our docket, in reference to the very corporation now in question, we said:

"The question of the corporate capacity of the plaintiff (Globe Realty Co.) *quoad* the validity of its contracts, has since the passage of the Act of 1904 (Act No. 78) entirely passed out of the case."

Considering the declarations of the deed, the Act of 1904 and our application of it to the Globe Realty Co., we have no hesitation in saying that the title tendered is good and must be accepted.

Judgment affirmed.