*GERMAN LAND ASSOCIATION vs. KONSTANTINE SCHOLLER.

The German Land Association, being a mere voluntary association of persons unincorporated, has no legal capacity to take or hold real property; nor can such Association be the beneficiary of a trust. A deed, therefore, to A, B & C, in trust for such Association, is void.

The complaint in this action states that on and before the 30th of July, 1856, there was an Association composed of several hundred persons, organized under a certain constitution for the purpose of acquiring homesteads for the several members thereof upon the public lands in one of the Northwestern States or Territories, &c., with a prospect of final incorporation for such purpose, &c., and that such Association was known as the German Land Association of Minnesota; that the same was on the 4th of March, 1857, duly incorporated under said name or title, and is

---

*This cause was heard and submitted before Mr. Justice Berry took his seat on the Bench.

the plaintiff in this action; that the defendant Konstantine Scholler, on the 30th of July, 1856, (prior to the act of incorporation), was seized and possessed of the entire equitable interest and estate in certain lands in Brown county, Minn.,—the mere legal title being in the United States,—and did for a valuable consideration paid to him by said Association, execute, acknowledge and deliver a conveyance of said land to *Albert Tofel, Louis Strobel and Louis Hoffman, who were then Trustees of said Association, in trust for said Association, and for the several use and benefit of the several members thereof according to their respective interests, as the same might thereafter be determined by division or otherwise;* that said defendant in such conveyance covenanted and agreed that when he should receive a patent for said lands, he would hold and stand seized of the title thereof for the use of and in trust for said Trustees, and not otherwise; and would upon demand execute, acknowledge and deliver to said Trustees, as such, a good and sufficient deed of conveyance of the title of said land in fee, free from all incumbrances, in trust for the uses and purposes expressed in the conveyance to said Trustees. The deed was dated July 30th, 1856, and was recorded in Brown county on the 25th of February, 1858. The said Trustees, by a deed dated September 14, 1857, duly executed and acknowledged, conveyed said lands in fee simple to the Association, (the plaintiff,) and the plaintiff became seized and possessed of the entire equitable interest and estate in said lands, subject only to the uses and purposes expressed in the first mentioned deed—the mere legal title still then remaining in the United States. The deed was recorded in Brown county on the 12th of February, 1858. Letters patent bearing date June 1st, 1859, were issued to the defendant for said lands, and were recorded in Brown county on the 28th June, 1861. The plaintiff has subdivided said lands into lots and outlots, and has executed conveyances with special warranties of the larger portion of the lands to the several members of the Association, according to their respective interests, and a portion of the lands, viz: Lot 88, according to the new plat of New Ulm, has been conveyed by the plaintiff to the de-

fendant. The plaintiff is still in possession and occupancy of a small portion of the land for the benefit of its members. After the patent was issued, and before the commencement of this action, the plaintiff has repeatedly demanded of the defendant that he execute a deed of said lands (except said lot, No. 88,) to the plaintiff, which he has refused and still does refuse to do, claiming that he holds the lands for his own use and benefit, &c.   *   * That by reason of the premises the plaintiff has become liable to respond in damages to the respective grantees of the lands in the several conveyances executed by the plaintiff, and a cloud is cast upon plaintiff's bona fide title, preventing the plaintiff from giving clear title to the remaining portion of the lands to the members of the Association entitled thereto. That plaintiff is in possession of said lands, and that the defendant claims an estate or interest therein adverse to this plaintiff.

Wherefore the plaintiff prays judgment that the defendant may be adjudged to convey the lands (except said lot, No. 88,) to plaintiff, free and clear of all incumbrances, and plaintiff's title to the land confirmed and established as against the defendant, and all persons claiming under or through him, &c.

The defendant interposed a general demurrer, that "The complaint does not state facts sufficient to constitute a cause of action." The demurrer was duly brought on for argument, and a decision rendered thereon as follows :

"The demurrer to the complaint herein is well taken, and should be sustained for three reasons: First, because the 'German Land Association of Minnesota,' was not at the time of the conveyance of the land in question, a *person* in the law capable of receiving a conveyance of lands, and could acquire no equitable interest in the lands by virtue of the deed of trust mentioned in the complaint, and of the subsequent conveyance by the trustees.

"Second, but if said Association had been a *person* in the law capable of holding lands by deed or otherwise, then no trust was created by the trust deed, for the same is not fully expressed and clearly defined upon the face of the instrument as provided in *Sec. 11, pages* 382–3 *of Comp. Stat. of Minnesota.*

"Third, there are not sufficient allegations in the complaint showing that the plaintiff therein succeeded to the rights, &c., of the 'German Land Association of Minnesota.'

"The demurrer to the complaint herein is hereby sustained," &c., and from the order sustaining the same the plaintiff appeals to this Court.

H. R. BIGELOW and GREENLEAF CLARK for Appellant.

I.—The German Land Association of Minnesota at the date of the respondent's deed, (July 30th, 1856,) was competent to purchase and hold real estate. Whether the title acquired by purchase would vest in the members of the Association as tenants in common, or in their associate capacity it is not necessary to discuss; but that a conveyance to the Association would not pass the title from the grantor, can hardly be seriously contended. Under our laws, not only adult citizens, but infants, married women, aliens, partnerships, and all corporations and other business associations, not under some special statutory disability, may purchase and hold real estate to any extent.

The conveyance then by the defendant passed his interest in the property at the date of the deed—his covenants to stand seized, &c., and to make a further conveyance when he should receive the legal title from the Government, became equally binding upon him at the time they were made.

II.—The trust created by the defendant's conveyance, as alleged in the complaint, was a valid trust. *Bouv. Law Dic., page* 216.

Our statutes on the subject of uses and trusts have no application to and cannot affect conveyances pertaining to United States Government lands, made after the entry of the lands and before the issuance of the patent therefor by the Government. *Irwin vs. Marshall & Barton,* 20 *How. U. S. Rep.,* 558.

III.—Admitting that our statutes apply in this case, and that under them no trust was created by the deed, *i. e.,* that no title was thereby vested in the trustees, the conveyance is not void; but the effect in such case is to vest the title in the *cestui que trust,*

the Association, or the members of the Association.   *Comp. Stat.*, 282, 283 *and* 284.

But the case does not show that the trust was not "fully expressed and clearly defined" in the deed; and we submit, as a question of pleading, that if it was not, the defendant can only avail himself of the fact by pleading it in answer to the complaint. Under the complaint as it now stands evidence of a valid deed of trust is admissible.   Hence a demurrer cannot reach the point.

IV.—The said Association became a corporation by act of the Legislature, approved March 11, 1857.   *Session Laws of* 1857, *page* 147, *&c.*, and that corporation is the plaintiff.

The deed from the trustees to the plaintiff with the assent and by the direction of the *cestui que trust* and *cestui que use*, (if the point that our local statutes do not apply is well taken,) clearly vests in the corporation such right and title as the defendant passed by his deed to the trustees.   *Bouv. Law Dic., page* 216.   And even if our statutes can apply, the acts of the members of the Association as alleged, and the deed of the trustees are tantamount to a conveyance from all, and must operate to vest the plaintiff with all the right and title passed by the previous deed of the defendant, and must be sufficient to authorize the plaintiff to demand of the defendant, and enforce the performance of the covenants contained in that deed.

V.—If the plaintiff has become possessed of the right and title of the purchasers, under the defendant's deed and covenants, then, clearly, the contingency having arisen in which by his covenants the defendant bound himself to make a further conveyance, and that conveyance having been demanded by the plaintiff and refused, the plaintiff's case is fully established.

D. S. GRIFFEN and E. ST. JULIEN COX for Respondent.

I.—The German Land Association of Minnesota at the date (July 30th, 1856,) of defendant's pretended trust deed, was not a person or corporation known in the law that it could be a legal grantee or *cestui que trust*, nor could it through its trustees be a

grantor, and as it was neither, there was no person in the law for the trustees to purchase or hold said land for, and the said deed is void. *Sloan vs. McConaly*, 4 (*Ohio*,) *Hammond R.*, 157; *Jackson vs. Cory*, 8 *J. R.*, 301; *Hourbeck vs. Westbrook*, 9 *J. R.*, 73; *Dart's Vendors, &c., page* 8*.

And there being no person or persons named as grantee in said deed, and if any title passed under it from defendant it went into the several hundred natural persons who made up the old "Association," who hold it as joint tenants, and nothing but a deed can bring it out of them; and as the complaint does not show a deed from them, plaintiff has no interest in the land to sustain an action on. The complaint does not show that said trust deed passed any title from defendant, as it does not show there was any legal grantee which the law would recognize as such to receive the grant. *See case above cited.*

II.—Defendant has been released from all agreements or covenants which said trust deed may contain, because they were not signed by the old "Association" in 1856, as the covenants or agreements, if there were any in said deed, were mutual by and between the "Association" and defendant, and as the "Association," the pretended grantee, did not sign them and was not thereby bound, so that defendant could enforce the same, defendant is not bound by anything contained therein, covenants nor agreements. The agreements are void for want of mutuality. *6th Ed. Chitty's Con., page* 15; *Randolph County vs. Jones, Breese R.*, 103.

III.—Our statutes on the subject of uses and trusts do apply to land as soon as it is entered at the proper United States Land Office and paid for, and if this position is not correct the said deed of 1856 from defendant is void, because made before the patent issued. *Camp vs. Smith*, 2 *Minn. R.*, 155.

IV.—Purchases by individuals (who are unincorporated,) must be made by them in their private capacities, and individual names, *e. g.*, a purchase by *eo nomine*, "German Land Association," is bad—purchasers must necessarily be either individuals or a corporation. Is not this deed to the old Association bad? *Dart's Vendors, &c., page* 8.

German Land Association v. Scholler.

V.—The trust is not fully expressed nor clearly defined upon the face of the instrument creating it, according to *Comp. Stat., Sec.* 31, *subdiv.* 5, *page* 383.

VI.—The three things which are indispensable to a valid trust are omitted in said trust deed: "First, sufficient words to raise it; Second, a definite subject; and Third, a certain or ascertained object." *Wharton's Law Dic.*, title "*Trusts*," *page* 1017.

VII.—If plaintiff has any cause of action against defendant under the pretended covenants or agreements contained in said trust deed, before it can recover against defendant, it must show that in deeding to plaintiff the trustees thereby executed part of said trusts, and it must show that all the trusts have been executed; and until this is done plaintiff has no case against defendant, and defendant nothing to defend against. It does not appear from said trust deed and complaint that when the trustees deeded to plaintiff, that they thereby executed any of the said trusts.

VIII.—Said trustees were not holding said land for any person named, corporation or *cestui que trust* known in the law, and they could not make a valid deed to this plaintiff; and plaintiff not claiming said land under any other deed, does not show it has a right to maintain action.

IX.—The complaint does not show that plaintiff ever succeeded to the rights of the old "Association," nor that it was a proper person in the law that it could deed by its trustees to plaintiff.

X.—The law does not allow such a voluntary Association as this was in July 30th, 1856, to purchase or hold lands or to dispose of them. *Austin vs. Searing*, 16 *N. Y. Apl. R.*, 112; *Dart Vend., p.* 8*.

XI.—We think it is immaterial for the purpose of this action whether defendant still has any interest in this land or not, and if we admit that he has not, does plaintiff state facts sufficient to constitute a cause of action? Does the complaint show that plaintiff owns the land? And if plaintiff does not show that it owns the land, then will not this Court sustain the order and dismiss the appeal, and render judgment for the respondent with his costs of suit?

*By the Court*—WILSON, C. J.—The German Land Association, being a mere voluntary association of persons unincorporated, had no legal capacity to take or hold real property.

A grant to such association *eo nomine* would pass no legal title. *Jackson vs. Cory,* 8 *John.*, 385 ; *Hornbeck vs. Westbrook,* 9 *Id.*, 73 ; *Jackson vs. Sisson,* 2 *John.'s Cases,* 321 ; *Sheppard's Touchstone,* 235-6-7 ; *Swaine vs. McCohany,* 4 *Ohio R.,* 157 ; *Thomas vs. Marshfield,* 10 *Pick.*, 364.

In this case the grant was not directly to the Association, but to T. and S. and H. in trust for the Association, and one question in the case is whether the beneficiaries are sufficiently described to enable the Court to execute the trust. Irrespective of the provisions of our statute, it would seem that this trust could not be sustained. Courts of equity carry trusts into effect only when they are of a certain and definite character. If, therefore, a trust is clearly created in a party, but the terms by which it is created are so vague and indefinite that courts of equity cannot clearly ascertain either the objects or the persons who are to take them, the trust will be held entirely to fail. 2 *Story's Eq. Juris.*, 979 *a ;* *Galligos Ex. vs. Attorney Gen.,* 3 *Leigh,* 450 ; *Wheeler vs. Smith,* 9 *How. U. S. Rep.*, 55.

In the declaration of uses certainty was required, and that especially in three things : in the persons to whom, in the lands, &c. of which, and in the estates by which the uses were declared, and if there was a want of certainty in either of these, the declaration was not good, (2 *Sheppard's Touchstone,* 509, *id.*, 520; 1 *Sand. on Uses,* 238), and a trust is now merely what a use was before the statute of uses. *Tif. & B. on Trusts,* 3 ; 1 *Cruise's Digest, title* 12, *chap.* 1, *sec.* 2 ; 21 *Viner's Abridgement Trust,* 493 ; *id.*, 494, 503.

Our statutory provision on this subject removes any doubt that might otherwise be supposed to exist. In the creation of a trust of this character it is required that the trust shall be " fully expressed and clearly defined on the face of the instrument creating it." It has been found that secret and hidden trusts embarrass title, multiply litigation and are the common instruments of fraud,

German Land Association v. Scholler.

being a cover for secret and fraudulent conveyances of property, made with a view to hinder and defraud creditors. *Irvin vs. Marshall et al.*, 20 *How., U. S. Rep.;* 10 *Bacon's Abridgement, —Uses and Trusts—A*, 113; 22 *Viner's Abridgment*, 179—*Use—A*, 3. Hence the necessity and reason of our law on this subject. The evils that the statute was intended to prevent, cannot be avoided, unless the trust deed show certainly on its face what are the objects and who are the beneficiaries of the trust property. To a person whose duty or interest it might be to inquire, this trust deed gives no light on any of these points.

The German Land Association was not by the law invested with any legal existence, and the trust deed gives no intimation as to who the persons were associated under that name. The deed was therefore void.

The plaintiff's counsel insist that our statute law as to uses and trusts is inapplicable in this case, and to substantiate this position cite *Irvine vs. Marshall et al.* Neither the decision nor the reasoning in that case is applicable in this. The question before the Court in that case was as to the rights and liabilities of parties purchasing lands from the United States—the Court deciding that a State or Territory could not control the acquisition or transmission of such property, or annex any conditions to the mode of such transmission, or limit or restrict the liability of agents or the rights of principals in the making of such purchases. The Court base their decision on the ground that such modifications or restraints would operate to restrict the sale of public lands, and thereby injure the revenue of the government.

In this case such question is not involved directly or indirectly. Here the title has passed from the government to defendant. The plaintiff does not question that title. He bases his right and claim exclusively on his contract with defendant—a contract not concerning the purchase of land from the government, but concerning the transmission of land by one citizen to another, and which admits that the title has legally passed out of the United States and vested in defendant. This contract is therefore governed by the laws of our State. *Wilcox vs. Jackson*, 13 *Peters*, 517.

It is true that grants for charitable and pious uses have by courts of equity been sustained when made by trustees for the benefit of unincorporated institutions or associations, and when the *cestui que trusts* have been uncertain. The authorities in the United States are by no means harmonious as to the source or extent of the power of the Courts in this class of cases; but it not being claimed that this grant is for charitable or pious uses, it is not necessary for us here to inquire as to the extent of the jurisdiction of courts of equity over charities, or whether it rests in the provisions of the statute of 43 *Elizabeth*, or exists where that statute is not in force. I think that the complaint is insufficient in not showing that the plaintiff is the successor in interest of the said Association, but it not being necessary to decide this point, the Court has not passed upon it.

The order appealed from is affirmed.