## MILTON J. WOODSON *vs.* MILWAUKEE AND ST. PAUL RAILWAY COMPANY.

### Oct. 5, 1874.

**Answer of Corporation—Admission of Corporate Character.**—In an action against a railway company for a tort, the complaint stated that "the defendant, a corporation duly organized, etc., were the owners of a certain railroad," etc.  In its answer, the defendant "admits that at the time mentioned in said complaint they were owners of a certain railroad, etc., as stated in said complaint." *Held,* that the defendant thereby admitted that it was a corporation.

**Fire kindled by Locomotive—Evidence of Origin of Fire, and of Negligence.**—A fire broke out on the defendant's line of road, about fifteen feet from the end of the ties, and to the leeward of the track, soon after the passing of a train, and spread to the adjacent premises of plaintiff.  There was no direct evidence as to the cause of the fire, or the condition or management of the engine ; but the plaintiff's witnesses testified that a high wind was blowing at the time of the fire ; that coals were found at the spot where it originated, although no wood, but only grass, was growing there ; and that other fires broke out along the line of the railroad immediately after the passing of the same train. *Held,* 1. That there was evidence to go to the jury that the fire was kindled by coals from the engine, and that the engine was of defective construction, in imperfect condition, or negligently operated.

**Same—When Negligence need not be proved directly.—2.** That as the same evidence which showed the fire to have caught from the engine, tends also to show the negligence alleged, it was unnecessary for the plaintiff to show affirmatively, by direct evidence, any defect in the construction or condition, or any negligence in the management, of the engine.

**Same—Prima Facie Case of Negligence not disproved.—3.** That to disprove the *prima facie* case of negligence made by the plaintiff, it was not enough for the defendant to show that the engine was of approved construction and in good condition, and was operated by a skilful engineer and fireman in the customary manner, without showing that the "customary" manner was also a careful manner.

This action was brought in the district court for Mower county, to recover damages for the destruction of a stack of hay, on land of the plaintiff adjoining the defendant's railroad, by fire alleged to have been caused by the defendant's negligence in operating its road.   At the trial before *Lord*, J., the plaintiff having rested his case, the defendant moved for a dismissal, on the ground that plaintiff had failed to show any negligence, or to raise any presumption of negligence, on the part of the defendant; that he had failed to prove that the fire was caused by sparks or coals from defendant's engine; and that he had failed to prove that the defendant was a corporation, duly organized under the laws of this state, as alleged in the complaint, and, (as claimed by defendant,) denied in the answer. The motion was denied, and defendant excepted.   The allegation of the complaint, and the denial in the answer as to defendant's incorporation, and the evidence introduced by plaintiff at the trial to show the origin of the fire, and the defendant's negligence, are stated in the opinion.   The following instructions were asked by the defendant:    "First.   The *mere fact* that the fire was set by sparks or coals from defendant's engine, raises no such presumption of negligence as would entitle plaintiff to recover," which instruction the court refused, and defendant excepted.   The court then gave the instruction, with the following qualification:    "But such fact may be considered in connection with other facts and circumstances in this case.

"Second.   If the jury find from the evidence that the

engine which, it is claimed, set the fire, was constructed according to the most approved plans, and was in good condition, and was being operated and used by a skilful engineer and fireman in the customary manner, then they must find that there was no negligence on the part of the defendant;" which instruction was refused, and the defendant excepted.

The jury found a verdict for the plaintiff, upon which judgment was entered, and defendant appealed.

*Gordon E. Cole* and *E. O. Wheeler*, for appellant.

*J. M. Greenman*, for respondent.

YOUNG, J. The complaint alleges that "the defendant, a corporation duly organized under the laws of this state, were the owners of a certain railroad," etc. The answer is as follows: "The defendant above named answers the complaint in this action as follows: *First*, defendant admits that at the time mentioned in said complaint, they were the owners of a certain railroad, etc., as stated in folio 1 of the complaint. *Second*, defendant denies each and every other allegation in said complaint contained," etc.

The admission of ownership of the railroad, "as stated in folio 1 of the complaint," might, perhaps, not unreasonably be held to be an express admission of ownership by defendant as a corporation, for such is in effect the allegation in the complaint. Moreover, the name by which the defendant is sued, and by which it answers, implies that it is a corporation, (*Woolf* v. *City Steamboat Co.*, 7 C. B. 103,) and the language of the complaint and answer, in which both the singular and plural number are employed in referring to the defendant, implies that the defendant is not an individual, but is an aggregation or association of individuals under a common name. Such an association could not, unless incorporated, be the owner of a railway, which is real estate. *German Land Association* v. *Scholler*, 10 Minn. 331. The admission by the defendant of its existence under the name by which it is impleaded, and of its ownership of the railroad in that name, and as an association,

involves the admission that it is a corporation, not only for the purpose of owning a railroad, but for the purpose of being sued on liabilities growing out of its conduct as such owner; and this admission must control the general denial. The case is therefore clearly distinguishable from *Gott* v. *Adams Express Co.*, 100 Mass. 320, relied upon by the defendant.

One of the plaintiff's witnesses testified that the fire broke out on the defendant's land, about fifteen feet from the end of the ties, immediately after the passing of the train. He found a few coals at that place. There was no wood, but only grass, where these coals were found. A high wind was blowing, and the season was dry. Other witnesses testified to the breaking out of other fires along the line of the defendant's road immediately after the passing of this train. Another witness, familiar with the operation of locomotives, testified that "all engines will scatter coals at times. If the forward damper is open, and the hind one shut, they will not scatter coals." In the absence of direct evidence as to the cause of the fire, the jury would have a right to infer from these circumstances that the fire was kindled by the coals found by the witness, and that these coals came from the fire-box of the engine. The high wind would account for their falling several feet to the leeward of the track, instead of falling between the rails. The suggestion of the defendant's counsel, that the fire might have caught from a lighted cigar thrown from the train, is less probable than the cause alleged by the plaintiff, and is entirely hypothetical. There was, therefore, evidence to go to the jury that the fire came from the engine. *Smith* v. *London & S. W. R. Co.*, L. R. 6 C. P. 14.

It has been held, (although upon this point the cases are not in harmony,) that the fact of fire escaping from an engine, is, in itself, *prima facie* evidence of negligence. And there is certainly good sense in the rule that proof of proper construction and management of the engine should in all cases be required of the company, which possesses full

knowledge of the facts, rather than that the plaintiff, who usually can know little or nothing of the engines or employees of the company, should be obliged to prove negligence by affirmative testimony. *Vaughan* v. *Taff Vale R. Co.*, 5 Hurlst. & N. 679, 688, *per* Blackburn, J. ; *Piggot* v. *Eastern Counties R. Co.*, 3 C. B. 229 ; *Bass* v. *C. B. & Q. R. Co.*, 28 Ill. 9 ; *Ill. Cent. R. Co.* v. *Mills*, 42 Ill. 407 ; *Spaulding* v. *Chicago & N. W. R. Co.*, 30 Wis. 110. We are not, however, called upon for an opinion on this point, for it is conceded by the plaintiff's counsel '' that the mere fact that the defendant's engine set the fire, is not, in itself, sufficient evidence of negligence to warrant a verdict.''

Still, the circumstance that this particular train was followed by a series of fires as it passed along, taken in connection with the finding of the coals at the point where this fire broke out, had certainly some tendency to prove, not only that this fire was set by the engine, but also that the engine was defective in construction, or negligently managed. Granting that a single fire may be set by an engine well constructed, in perfect order, and carefully and skilfully operated, yet, when several fires are kindled in rapid succession by a single engine, a presumption of negligence is raised, which it is incumbent on the company to repel by proof that such engine was supplied with the best appliances for preventing the escape of fire, and was carefully operated by skilful men. In this case, the same circumstances which showed the fire to have been kindled by the engine, also tended to prove the negligence alleged, and it was therefore unnecessary, even within the rule laid down in the cases which hold that the escape of fire is not, in itself, evidence of negligence, for the plaintiff to show affirmatively, by direct evidence, any defect in the construction, or negligence in the management of the engine. *Sheldon* v. *Hudson River R. Co.*, 14 N. Y. 218 ; *Field* v. *N. Y. Cent. R. Co.*, 32 N. Y. 339 ; *Le Barron* v. *East Boston Ferry Co.*, 11 Allen, 312.

It follows that the motion to dismiss the action was properly denied, and that there was no error in the qualification

added by the court to the first instruction asked by the defendant. The instruction as given is also supported by the decision in *Bast* v. *Leonard*, 15 Minn. 304.

The second instruction asked by the defendant was properly refused. The conduct, not merely the character or capacity, of the engineer and fireman, was in question. It was not enough that they operated the engine in the customary manner. They must also operate it in a careful manner, whether the use of proper care be customary or not. *Koester* v. *City of Ottumwa*, 34 Iowa, 41.

The judgment of the district court is affirmed.