Hugh JONES, Appellant,

v.

ALPINE INVESTMENTS, INC., a
Foreign Corporation, Appellee.

No. 63752.

Supreme Court of Oklahoma.

Nov. 10, 1987.

Rehearing Denied Nov. 8, 1988.

Newell E. Wright, Jr., Thomas B. Goodwin, Wright & Goodwin, Cheyenne, for appellant.

Royse and Meacham, Elk City, for appellee.

SUMMERS, Justice.

### FACTS AND PROCEDURAL POSTURE OF THE CASE

The record owner of certain real property deeded it to five grantees in equal undivided shares. In 1926 two of those grantees deeded their interest in the oil, gas and other minerals to the Union Royalty Company, which later deeded an undivided two-fifths ($\frac{2}{5}$) mineral interest to Alpine Investments, Inc., the defendant and appellee herein. In 1952 Hugh Jones, plaintiff and appellant, took title to the subject property and other land by warranty deed "subject to an undivided one-half ($\frac{1}{2}$) of the mineral rights heretofore sold."

In 1972 Jones filed a quiet title action against the Union Royalty Company, a *corporation*. An Oklahoma corporation by that name had previously existed. Default judgment was rendered for Jones. In 1975, Alpine filed a "Notice of Interest in Real Property" as to the two-fifths ($\frac{2}{5}$)

mineral interest. In 1980 Jones again sued to quiet title, this time against Alpine by reason of the "notice" it had filed.

In 1982 Jones' motion for summary judgment was sustained. The trial court entered a judgment for Jones, finding that Alpine's predecessor in title, Union Royalty Company, an unincorporated association, was the same party sued by the plaintiff by publication in the 1972 quiet title action. Alpine appealed. The Court of Appeals then reversed and remanded, finding the unincorporated Union Royalty Company not to have been the same entity as the corporate defendant in the 1972 quiet title action. The Court of Appeals stated:

"The sole basis for [the trial court's] sustaining plaintiff's motion for summary judgment was a finding that the 1972 judgment was a final judgment and settled the issue between the parties. By holding that Alpine's predecessor was not a party to the 1972 proceeding, we must overturn the order granting summary judgment. The order of the trial court granting summary judgment is vacated and the case is remanded to the trial court for further proceedings."

We denied Jones' petition for certiorari.

On remand the trial court quieted title in Alpine as to the two-fifths (⅖) mineral interest. It acknowledged a problem regarding unincorporated associations and their doubtful capacity to hold title to real property, but the trial judge appeared to conclude that since that issue had been before the Court of Appeals, and since it did not rule in Jones' favor, the appellate court must have implied that the rule of law as to the incapacity of an unincorporated association to hold title to real property was not dispositive of the case.

Jones appealed the trial court's decision and the Court of Appeals affirmed.

Jones' petitioned this court for certiorari stating (correctly) that neither in its first or second opinion has the Court of Appeals addressed or ruled on his claim that Alpine's grantor, being an unincorporated association, was unable to hold or pass title to the minerals in question. We have previously granted his petition.

A reading of the first Court of Appeals opinion reveals that the question as to whether or not an unincorporated association could hold title to real property in Oklahoma was neither expressly decided nor impliedly determined. Nor did it direct the trial court to quiet title in either of the parties. In *Fickel v. Webb*, 146 Okl. 16, 293 P. 206 (1930) we said:

"A decision on the prior appeal of a cause is the law of the case, for the retrial and on a second appeal, as to those questions which were considered and decided. But where a cause is reversed it is frequently unnecessary to pass upon all the questions raised, and courts do not customarily consider all questions presented if the cause must be reversed because of any one of them, and the decision so rendered is not the law of the case as to those questions not considered and determined in the first opinion."

Thus we have no "law of the case" to preclude us from considering what has been appellant's primary contention all the way through the trial and appellate proceedings.

## CAN AN UNINCORPORATED ASSOCIATION HOLD TITLE TO REAL PROPERTY UNDER OKLAHOMA LAW?

Jones has consistently argued that the Union Royalty Company as an unincorporated association was incapable of holding or transferring title to real property. He cites Patton on Titles, 2nd Edition, (1957) as authority for this proposition:

"The capacity to take and hold title is general, even though the capacity to convey is restricted. But because at common law a grantee had to be one to whom livery of seisin could be made, and because under our present system of transferring title there can be no conveyance without someone to take title, a grantee of any present legal estate must be in existence at the time of the grant. A deed is, therefore, void if the grantee named is not a legal entity." Id at § 337.

"... [A] deed or other conveyance in favor of an unincorporated association or club, or society which has no partnership nor corporate existence, either de jure or de facto, will not pass title. Neither can such an entity-lacking body make a valid conveyance, whether because its incapacity prevented it from acquiring title or because, since it became vested therewith, it has lost the capacity to transfer it...." Id at § 406.

In *Taxicab Drivers Local No. 889 v. Pittman,* 322 P.2d 159 (Okl.1958), this court ruled that unincorporated associations generally are not legal entities, and it is only where there is legislation conferring a legal status on such groups that it enjoys rights and duties comparable to those of a corporation. In accord is *J.T. Lafferty v. Elias Evans,* 17 Okl. 247, 87 P. 304 (1908).

■ An exception exists, recognized by Oklahoma and other jurisdictions, where the grantee is an unincorporated *charitable* association. *Richardson v. Harsha,* 22 Okl. 405, 98 P. 897 (1908). Such associations, though lacking power to hold title to real property in their name, have the power to appoint trustees in whom such title may be vested. *Modern Woodmen of America v. Tulsa Modern Woodmen Building Association,* 264 P.2d 993 (Okl.1954). *Venus Lodge No. 62, F. & A.M. v. Acme Benev Association,* 231 N.C. 522, 58 S.E.2d 109 (1950); *O.K.C. Corp. v. Allen,* 574 S.W.2d 809 (Tex.Civ.App.1978). Or the court may appoint a trustee to take title for the unincorporated charitable association. Restatement of Trusts (2nd) § 397, comment f, cited in *Estate of Anderson v. Vian Cemetery Assn.,* 571 P.2d 880 (Okl.App.1977).

Nothing in the record, however, suggests that the Union Royalty Company was formed for charitable purposes.

■ Alpine suggests in its appellate brief that Union Royalty Company was in fact created by a declaration of trust and is therefore able to hold title pursuant to 60 O.S.1981 § 171.[1] The case was presented to the trial court, however, on pleadings and stipulations that it was an unincorporated association, not an express trust. Parties on appeal are limited to the issues presented at the trial level. 12 O.S.1981 § 992; *Arkansas Louisiana Gas Co. v. Cable,* 585 P.2d 1113 (Okl.1978).

■ Alpine also adopts the argument of the dissent in the first Court of Appeals opinion wherein it was urged that a proper interpretation of 12 O.S. § 183.1[2] (dealing with service of process in an action against an unincorporated association with title or an interest in property held in its name) included the inference that the legislature meant to allow the unincorporated association to hold title to property. However this court found in *International Brotherhood v. Santa Fe Packing Corp.,* 300 P.2d 660 (Okl.1956) that it was not at liberty to expand by implication the terms of 12 O.S. § 182 which provided for service of process on unincorporated associations in general. We find that 12 O.S.1981 § 183.1, repealed, provided how to serve such a defendant with process should an unincorporated association appear of record as the owner of real property, but that it did not confer upon unincorporated associations generally the capacity to take title to realty.

The weight of authority supports Jones position. Holding that a deed or other

1. 60 O.S.1981 § 171 Trusts authorized—Powers of trustee.

   Express trusts may be created in real or personal property or both, with power in the trustee, or a majority of the trustees, if there be more than one, to receive title to, hold, buy, sell, exchange, transfer and convey real and personal property for the use of such trust; to take, receive invest or disburse the receipts, earnings, rents, profits or returns from the trust estate; to carry on and conduct any lawful business designated in the instrument of trust, and generally to do any lawful act in relation to such trust property which any individual owning the same absolutely might do.

2. 12 O.S.1981 183.1 was repealed effective November 1, 1984. It stated in pertinent part: "Title or interest in real property held in name of unincorporated association—action against—service of process—. Where record title to real property or to any interest in real property is in the name of an unincorporated association an action in regard to the title to or an interest in said real property may be brought against the association in the association name...."

conveyance in favor of an unincorporated association, club, or society, which has no partnership nor corporate existence, either de jure or de facto, will not pass title are *Harriman v. Southam,* 16 Ind. 190 (1861), *German Land Ass'n. v. Scholler,* 10 Minn. 331 (1863), *Rixford v. Zeigler,* 88 P. 1092, 150 Cal. 435 (1907), and *Kirk v. King,* 3 Pa. 436 (1846). Holding that an unincorporated association cannot make a valid conveyance, whether because its incapacity prevented it from acquiring title, or because it later lost the capacity to transfer it are *Globe Realty Co. v. Whitney,* 30 So. 745, 106 La. 257 (1901), and *Bradley v. Reppell,* 32 S.W. 645, 133 Mo. 545 (1895). Appearing to hold to the contrary is *Edwards v. Old Settlers' Ass'n.,* 166 S.W. 423 (Tex. App.1914), which held that a lease to an unincorporated association which could not own a leasehold estate would not, for that reason, fail for want of a grantee, as the title would vest in its members. *Gravette v. Veach,* 186 Ark. 544, 54 S.W.2d 704 (1934) held an unincorporated civic improvement club which acquired land and caused it to be conveyed to the city in trust had power to do so. This case, however, appears to turn on the fact that the unincorporated association involved was deemed to be charitable or governmental by the Arkansas Supreme Court.

 Oklahoma has, by implication at the least, adopted the position favored by the majority and by Patton, supra. *Taxicab Drivers Local No. 889 v. Pittman, Modern Woodmen of America v. Tulsa Modern Woodmen Building Association, Richardson v. Harsha,* and *Lafferty v. Evans,* all supra. We find and hold that the Union Royalty Company, a non-charitable unincorporated association, had neither the capacity to hold nor to transfer title to the subject property to Alpine.

Having so held we must necessarily conclude that both the conveyances of the subject property to Union and by Union are void. Under Oklahoma law, two of the essentials to a conveyance of real property are (1) a valid grantor, *Lafferty v. Evans,* supra and (2) a valid grantee, *City of Ardmore v. Knight,* 270 P.2d 325 (Okl.1954).

Union had neither the capacity to take and hold nor convey title to the subject property. Title to the subject property should be quieted in Jones as to Alpine, who was the grantee of Union.

CERTIORARI HAVING BEEN GRANTED THE OPINION OF THE COURT OF APPEALS IS VACATED, JUDGMENT OF THE TRIAL COURT REVERSED, AND THE CASE IS REMANDED TO TRIAL COURT TO ENTER JUDGMENT QUIETING TITLE TO THE SUBJECT PROPERTY IN JONES AND AGAINST ALPINE.

DOOLIN, C.J., HARGRAVE, V.C.J., and LAVENDER, SIMMS, WILSON, SUMMERS, JJ.

HODGES, OPALA and KAUGER, JJ., dissent.