2003 OK CIV APP 70

**Anthony Troy STEELE, Plaintiff/Appellant,**

v.

**Melinda GUILFOYLE, Sonny H. Scott and the Oklahoma Department of Corrections, Defendants/Appellees.**

**No. 97,997.**

Court of Civil Appeals of Oklahoma, Division No. 1.

July 25, 2003.

Anthony Troy Steele, Lexington, OK, Pro Se Plaintiff/Appellant.

Ronald A. Anderson, Assistant General Counsel, Oklahoma Department of Corrections, Oklahoma City, OK, for Defendants/Appellees.

## OPINION

CARL B. JONES, Judge.

¶1 Anthony Troy Steele, Plaintiff, is an inmate in the custody of the Department of Corrections (DOC). He claims adherence to the Islamic faith. At the time this action was filed, Melinda Guilfoyle was the designee of the DOC director and H.N. "Sonny" Scott was the warden of the Joseph Harp Correctional Center where Plaintiff is incarcerated. Pursuant to the settlement of a federal lawsuit, DOC assigns cellmates on a random basis without any consideration of the religious beliefs of inmates. The settlement was reportedly reached in order to address a claim of racial discrimination in, among other things, the assignment of inmates to cells. The only considerations made by DOC in making cell assignments are security and safety concerns, medical and/or mental health needs, and treatment and/or program needs.

¶2 On November 28, 2001, Plaintiff filed the instant suit alleging Defendants violated his right to practice his religion because he is housed in a cell with a non-Muslim. Plaintiff specifically claimed violations of the First Amendment to the United States Constitution, the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. § 2000CC–1, *et seq*, and the Oklahoma Religious Freedom Act (ORFA), 51 O.S.2001 § 251, *et seq*. He complained his cellmate eats pork and has photographs of beings with souls hanging in their cell. This, Plaintiff contended, defiles his cell and prevents angels from entering. Plaintiff maintains he should be assigned a Muslim cellmate.

¶3 Defendants filed a motion to dismiss and/or for summary judgment on multiple grounds. The trial court found that Defendants' actions in no way prohibit Plaintiff from practicing his religion, praying or meet-

ing with fellow Muslims, and therefore, Plaintiff failed to show the random assignment of cellmates violates the First Amendment, RLUIPA or ORFA. The trial court granted Defendants' motion for summary judgment and dismissed the case with prejudice. Plaintiff appeals. The matter stands submitted without appellate briefs on the trial court record. *See* Rule 1.36, *Oklahoma Supreme Court Rules*, 12 O.S.2001, Ch. 15, App.

### I. Standard of Review

¶ 4 Because Defendants' motion and Plaintiff's response contained evidentiary materials outside the pleadings, we treat this appeal as one arising from the grant of summary judgment. 12 O.S. § 2012(B); *Patel v. OMH Medical Ctr., Inc.*, 1999 OK 33, ¶ 17, 987 P.2d 1185, 1192–3. Summary judgment is proper when the evidentiary materials "establish there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Shelley v. Kiwash Elec. Co-op., Inc.*, 1996 OK 44, ¶ 15, 914 P.2d 669, 674. In reviewing a motion for summary judgment, all inferences and conclusions drawn from the evidence must be viewed in the light most favorable to the party opposing the motion. *Id.* This court's standard of review of a trial court's grant of summary judgment is *de novo*. *Hoyt v. Paul R. Miller, M.D., Inc.*, 1996 OK 80, ¶ 2, 921 P.2d 350, 351–52.

### II. RLUIPA and ORFA Claims

¶ 5 Title 42 U.S.C. § 2000cc–1 states in relevant part:

(a) General rule

No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institu-tion ... even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person—

(1) is in furtherance of a compelling governmental interest; and

(2) is the least restrictive means of furthering that compelling governmental interest.

¶ 6 Title 51 O.S.2001 § 253 provides:

A. Except as provided in subsection B of this section, no governmental entity shall substantially burden a person's free exercise of religion even if the burden results from a rule of general applicability.

B. No governmental entity shall substantially burden a person's free exercise of religion unless it demonstrates that application of the burden to the person is:

1. Essential to further a compelling governmental interest; and

2. The least restrictive means of furthering that compelling governmental interest.

Section 254, which applies specifically to prisoners, states:

A state or local correctional facility's regulation must be considered in furtherance of a compelling state interest if the facility demonstrates that the religious activity:

1. Sought to be engaged by a prisoner is presumptively dangerous to the health or safety of that prisoner; or

2. Poses a direct threat to the health, safety, or security of other prisoners, correctional staff, or the public.

■■■■ ¶ 7 Assuming for purposes of this opinion that § 2000cc 1 of RLUIPA and ORFA are constitutional[1], we find the trial

---

1. Defendants urge both acts are unconstitutional. The Establishment Clause of the First Amendment of the United States Constitution states that "Congress shall make no law respecting an establishment of religion." A statute effecting religion is permissible if (1) it has a secular legislative purpose, (2) its principal or primary effect neither advances nor inhibits religion, and (3) it does not create excessive entanglement between government and religion. *Lemon v. Kurtzman*, 403 U.S. 602, 612–13, 91 S.Ct. 2105, 2111, 29 L.Ed.2d 745 (1971). Applying the *Lemon* test, both *Kilaab al Ghashiyah v. Dept. of Corrections of the State of Wis.*, 250 F.Supp.2d 1016 (E.D.Wis.2003), and *Madison v. Riter*, 240 F.Supp.2d 566 (W.D.Va.2003), held that § 2000cc–1 of RLUIPA violated the Establishment Clause because it has the principal and primary effect of advancing religion. *Kilaab* at 1031; *Madison* at 577. The *Kilaab* court also held § 2000cc–1 fosters excessive entanglement of government with religion. *Kilaab* at 1034. *Contra Mayweathers v. Newland*, 314 F.3d 1062 (9th Cir.2002).

court properly granted summary judgment in favor of Defendants. Both acts prohibit laws or regulations that place a "substantial burden" on a person's free exercise of religion. Under the RLUIPA, the responsibility of demonstrating such burden falls upon the plaintiff. 42 U.S.C. § 2000cc–2(b). Only if he succeeds does the burden then shift to the government to prove the remaining elements of the Act. *Id.; Charles v. Verhagen,* 220 F.Supp.2d 937, 944 (W.D.Wis.2002). Although not specifically set forth in the Act, we hold a plaintiff in an ORFA action must similarly make an initial prima facie showing of "substantial burden" before any burden of persuasion shifts to the state.

¶ 8 A government regulation is said to constitute a "substantial burden" upon a prisoner's capacity to exercise or express his or her beliefs or faith where it:

[S]ignificantly inhibit[s] or constrain[s] conduct or expression that manifests some central tenet of a prisoner's individual beliefs, meaningfully curtail[s] a prisoner's ability to express adherence to his or her faith; or ... deny[s] a prisoner reasonable opportunities to engage in those activities that are fundamental to a prisoner's religion.

*Werner v. McCotter,* 49 F.3d 1476, 1480 (10th Cir.1995), *cert. denied* 515 U.S. 1166, 115 S.Ct. 2625, 132 L.Ed.2d 866 (1995) (citations omitted). A government regulation does not substantially burden religious activity when it merely has an incidental effect that makes it more difficult to practice the religion. *Lyng v. Northwest Indian Cemetery Protective Ass'n,* 485 U.S. 439, 450–51, 108 S.Ct. 1319, 1326, 99 L.Ed.2d 534 (1988).

¶ 9 In the present case, Plaintiff has failed to demonstrate that DOC's policy of randomly assigning cellmates substantially burdens his right to exercise his religion. The policy does not inhibit or constrain Plaintiff's religious conduct; it does not curtail Plaintiff's ability to express adherence to his faith; and it does not deny Plaintiff a reasonable opportunity to engage in those activities that are fundamental to his religion. Plaintiff admitted he prays four times a day outside of his cell and is effected by the policy only the one time of day he prays while locked down with his cellmate. We hold such a policy merely has an incidental effect upon Plaintiff in that it makes it more difficult for him to practice his religion; however, it does not place a "substantial burden" on Plaintiff's right to exercise his beliefs.

### III. First Amendment Claim

¶ 10 In addressing a prisoner's claims under the First Amendment, the United States Supreme Court has held that prison policies which infringe on an inmate's constitutional rights are valid if they are reasonably related to legitimate penological objectives. *Turner v. Safley,* 482 U.S. 78, 89, 107 S.Ct. 2254, 2261, 96 L.Ed.2d 64 (1987). The instant record reveals DOC's policy of randomly assigning cellmates is reasonably related to legitimate penological objectives. The policy was implemented to settle a class action lawsuit that alleged racial discrimination in the assignment of cells; it ensures DOC will not engage in racial or religious discrimination in making cell assignments; and it contributes to the safety and security of the prison, prison staff and inmates. Just as the Court reaffirmed in *O'Lone v. Estate of Shabazz,* 482 U.S. 342, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987), we also refuse, "even where claims are made under the First Amendment, to 'substitute our judgment on ... difficult and sensitive matters of institutional administration' ... for the determinations of those charged with the formidable task of running a prison." *Id.* at 353, 107 S.Ct. at 2407, *quoting Block v. Rutherford,* 468 U.S. 576, 588, 104 S.Ct. 3227, 3233, 82 L.Ed.2d 438 (1984). Plaintiff's claim based upon the First Amendment is rejected.

### IV. Miscellaneous Claims

¶ 11 Plaintiff's petition in error also alleges the trial court erred by failing to address his

---

As the *Kilaab* court noted, the Establishment Clause "prevents the government from endorsing or affiliating with any particular religious doctrine or organization, expressing a preference between religions, *or promoting religion general-* *ly." Kilaab,* 250 F.Supp.2d at 1021 (emphasis added). *Accord Madison,* 240 F.Supp.2d at 571. The ORFA appears to possess the same constitutional shortcomings the *Kilaab* and *Madison* courts found in § 2000cc–1.

(1) declaratory judgment claim; (2) civil rights claim under 42 U.S.C. § 1983; and (3) claims under 28 U.S.C. §§ 2201 & 2202. Plaintiff also asserts (4) the trial court erred by not permitting him to conduct discovery prior to ruling on the motion for summary judgment and (5) an accumulation of errors requires reversal. With respect to his first allegation, Plaintiff's petition sought an order from the trial court declaring his rights were being violated under ORFA and RLUIPA. Because we have determined Plaintiff failed to make a showing of "substantial burden" under either statute, he is not entitled to such a declaratory decree. Regarding Plaintiff's second and third contentions, we note that he did not include such claims in his district court petition, his summary judgment response or his motion for new trial. Our review is limited to issues actually presented to the trial court. *Jones v. Alpine Inv., Inc.,* 1987 OK 113, ¶ 11, 764 P.2d 513, 515.

¶ 12 In his fourth proposition, Plaintiff contends the trial court erred in failing to permit discovery. Again, Plaintiff did not file any pleading or motion with the trial court in which he sought discovery. Therefore, he has waived this issue on appeal. *Id.* Moreover, Plaintiff was afforded the opportunity to present whatever evidentiary material he desired to justify his opposition to the summary judgment motion by attaching the same to his response. *See* Rule 13(b), *Rules for District Courts,* 12 O.S.2001, Ch. 12, App. 1. In fact, Plaintiff did attach some evidentiary materials to his response. His belated assertion that additional, unspecified evidence might have been helpful to his cause comes too late.

> After summary judgment is granted, the objecting party cannot on appeal rely on any fact or evidentiary material that was not before the trial court at the time of its rendition. The ruling on a motion for summary judgment must be rested on the record which is then before the court rather than on one that could have been assembled.

*Frey v. Independence Fire and Cas. Co.,* 1985 OK 25, ¶ 6, 698 P.2d 17, 20 (footnotes omitted). As for Plaintiff's fifth proposition, "where there is no individual error there can be no reversal for cumulative error." *Alverson v. State,* 1999 OK CR 21, ¶ 78, 983 P.2d 498, 520, *cert. denied* 528 U.S. 1089, 120 S.Ct. 820, 145 L.Ed.2d 690 (2000) (quotation omitted).

## V. Conclusion

¶ 13 Upon *de novo* review of the record, we conclude there exists no genuine issue of material fact and that Defendants are entitled to judgment as a matter of law. Accordingly, we hold the trial court properly granted Defendants' motion for summary judgment and dismissed Plaintiff's claims.

¶ 14 AFFIRMED.

HANSEN, J., and MITCHELL, P.J., concur.