2013 OK CIV APP 51

**AMERICAN FIDELITY LIFE INSURANCE COMPANY, Plaintiff/Appellant,**

v.

**STATE of Oklahoma, ex rel., Kim HOLLAND, Insurance Commissioner, Defendant/Appellee.**

No. 109,613.

Court of Civil Appeals of Oklahoma, Division No. 1.

May 7, 2013.

Larry Derryberry, Stephen McCaleb, Derryberry & Naifeh, LLP, Oklahoma City, Oklahoma, for Plaintiff/Appellant.

Susan D. Dobbins, Kelley Callahan, Oklahoma Insurance Department, Oklahoma City, Oklahoma, for Defendant/Appellee.

ROBERT D. BELL, Judge.

¶ 1 Plaintiff/Appellant, American Fidelity Life Insurance Company, appeals from the trial court's order denying Appellant's administrative appeal of an order of Defendant/Appellee, former Oklahoma Insurance Commissioner Kim Holland (Commissioner).[1]

---

**1.** John Doak is the current Oklahoma Insurance Commissioner. All historic references to "the Commissioner" herein concern the former Commissioner, Kim Holland.

The Commissioner's order found Appellant violated the Military Sales Practices Regulation, also known as the Military Sales Rule, found at Oklahoma Administrative Code (OAC) 365:25–27–1 *et seq.* and directed Appellant to correct the violations within thirty days. The order reserved imposition of any civil penalties to a separate proceeding. For the reasons set forth below, we reverse and remand for further proceedings.

¶ 2 The Military Sales Rule was first adopted by the Commissioner in 2007 through the exercise of emergency rule-making procedures. The Rule's stated purpose is "to protect active duty service members of the United States Armed Forces from dishonest and predatory insurance sales practices by declaring certain identified practices to be false, misleading, deceptive or unfair." OAC 365:25–27–1(a). Oklahoma was apparently the first state to adopt such rules at the behest of Congress. The current version of the rule, containing the same language as the emergency version, became permanent effective July 14, 2008.

¶ 3 Acting pursuant to its statutory mandate, the Oklahoma Insurance Department examined Appellant in 2008 to determine whether the company's marketing practices complied with the Oklahoma Insurance Code, 36 O.S.2001 § 101 et seq. *See* 36 O.S.2001 § 1205. The examiner found, in each such case reviewed, Appellant violated the Military Sales Rule in every policy sold to a military service member. Appellant filed an extensive rebuttal to the examiner's findings. Specifically, Appellant detailed it issued retroactive policy amendments to its service member policyholders following the Commissioner's adoption of the Military Sales Rule. The rebuttal also stated, *inter alia,* Appellant voluntarily changed its internal procedures for crediting interest and charging withdrawal fees, and made refunds to policyholders as appropriate. After reviewing the examination report and the material provided by Appellant, the Commissioner issued a Final Administrative Order adopting the findings of the examiner. The order determined Ap-

pellant violated various provisions of the Military Sales Act and 36 O.S. §§ 3610 and 4030.1(A).[2] Appellant's request for reconsideration was subsequently denied.

¶ 4 Appellant thereafter sought review of the Commissioner's order in the district court. After a hearing on the merits with briefing and oral argument, the district court denied Appellant's administrative appeal. From said judgment, Appellant now seeks review by this Court.

¶ 5 As a preliminary matter, we grant in part and deny in part Commissioner's request to strike the two appendices attached to Appellant's brief in chief. Oklahoma Supreme Court Rule 1.11(i) provides an appendix to a brief shall not be filed except under prescribed circumstances. The first appendix to Appellant's brief, a draft report of the examiner, does not fall into any exception listed in Rule 1.11(i). Contrary to Appellant's assertion, the *draft* report plainly does not constitute "a copy of the decision from which the appeal is taken" as required by Rule 1.11(i)(1). Appellant's appeal is from the Commissioner's Final Administrative Order and not from the examiner's draft report. The first appendix is stricken.

¶ 6 The second appendix to Appellant's brief in chief consists of excerpts from the National Association of Insurance Commissioners Examiner's Handbook. As Appellant correctly notes, 36 O.S.2001 § 309.3(A) mandates that examiners observe the guidelines and procedures set forth in the Examiner's Handbook when conducting insurance company examinations. Thus, it appears the second appendix satisfies the requirements of Rule 1.11(i)(3) as a copy of "rules not promulgated in Oklahoma."

¶ 7 Appellant initially challenges, for the first time on appeal, procedural aspects of OID's adoption of the Military Sales Rule. Specifically, Appellant asserts the Commissioner failed to follow 75 O.S.2001 § 253(A) of the Administrative Procedures Act in promulgating the emergency rule because no Rule Impact Statement appears in

---

**2.** The violations of both 36 O.S.2001 § 3610 and § 4030.1(A) involved the use by Appellant of forms not approved by the Commissioner.

the record. This issue was not raised below. "An appellate court will not make first-instance determinations of disputed law or fact issues." *Bivins v. State ex rel. Okla. Mem. Hosp.*, 1996 OK 5, ¶ 19, 917 P.2d 456, 464 (emphasis omitted). Issues not raised below will not be considered for the first time on appeal. *Jones v. Alpine Inv., Inc.*, 1987 OK 113, ¶ 11, 764 P.2d 513, 515.

■ ¶ 8 Appellant next contends Commissioner lacked authority to adopt the Military Sales Rule. The Rule states it was "issued under the authority of the Oklahoma Unfair Trade Practices Act, 36 O.S. § 1201, et seq." OAC 365:25–27–3. Appellant maintains the Unfair Trade Practices Act gave the Commissioner no such authority.

¶ 9 The purpose of the Unfair Trade Practices Act is to regulate trade practices in the insurance industry:

> by defining, or providing for the determination of, all such practices in this state which constitute unfair methods of competition or unfair or deceptive acts or practices and by prohibiting the trade practices so defined or determined.

36 O.S.2001 § 1201. Section 1203 prohibits persons from engaging "in any trade practice which is defined in this article as, or determined pursuant to this article to be" any unfair or deceptive practice in the insurance business. Section 1204 specifically defines various unfair and deceptive acts or practices. Appellant argues § 1204 constitutes the exhaustive list of unfair and deceptive acts or practices in the insurance industry and the Commissioner was without authority to expand that list by adopting the Military Sales Rule. We disagree.

¶ 10 Section 1209 specifically addresses the Commissioner's power to initiate proceedings against an insurance company for an alleged unfair or deceptive act or practice "which is not defined in Section 1204." [3] Title 36 O.S. 2001 § 307.1 empowers the Commissioner to "adopt reasonable rules and regulations for the implementation and administration of the provisions of the Insurance Code." The Oklahoma Insurance Code is defined as "Title 36 of the Oklahoma Statutes." 36 O.S.2001 § 101. Restated, § 307.1 authorizes the Commissioner to adopt rules for the implementation and administration of Title 36, and § 1209 specifically contemplates the existence of unfair or deceptive acts or practices not listed in § 1204. On this basis, we find no statutory impediment to the Commissioner's adoption of the Military Sales Rule as a compliment to § 1204.

■ ¶ 11 Notwithstanding the above, we find that Commissioner utilized the incorrect procedure in prosecuting Appellant in this case. Title 36 O.S.2001 §§ 1206–1208 apply to proceedings brought by the Commissioner against insurers alleged to have engaged in any unfair or deceptive act or practice "defined in Section 1204 of this title, ..." [4] Such proceedings include a statement of the charges and notice made by the Commissioner, § 1206(A), a show cause hearing where the accused insurer may be heard, § 1206(B), a cease and desist order issued by the Commissioner, § 1207(A), and judicial review of any such order, § 1208.

¶ 12 However, a far different procedure is prescribed for proceedings against an insurance company alleged to have engaged in an unfair or deceptive act or practice "which is

---

**3.** Among other things, § 1209(A) states:

Whenever the Insurance Commissioner shall have reason to believe that any person engaged in the business of insurance is engaging in this state in any method of competition or in any act or practice in the conduct of such business which is not defined in Section 1204 of this title, that the method of competition is unfair or that the act or practice is unfair or deceptive and that an administrative proceeding in respect thereto would be to the interest of the public, the Commissioner may issue and serve such person a statement of the charges in that respect and a notice in accordance with the Administrative Procedures Act.

**4.** Subsection 1206(A) states:

Whenever the Insurance Commissioner shall have reason to believe that any person has been engaged or is engaging in this state in any unfair method of competition or any unfair or deceptive act or practice defined in Section 1204 of this title, and that a proceeding by the Commissioner in respect thereto would be to the interest of the public, the Commissioner shall issue and serve upon the person a statement of the charges in that respect and a notice in accordance with the Administrative Procedures Act.

not defined in Section 1204." 36 O.S.2001 § 1209, *supra* at note 2. The initial procedures under both regimes are the same. Like § 1206, § 1209 requires the Commissioner to issue and serve a statement of charges and notice to the accused insurer, and afford the insurer the opportunity to be heard where the act or practice is not defined in § 1204. Thereafter, however, § 1209 does not authorize the Commissioner to issue a cease and desist order. Rather, the Commissioner is empowered only to make a report setting forth findings of fact, § 1209(A), and to file a petition in the district court seeking redress, § 1209(B).[5] It is within the sole authority of the district court to determine whether an insurer has engaged in an unfair or deceptive act or practice not defined in § 1204 and to issue an order, if warranted, enjoining and restraining such acts or practices. 36 O.S.2001 § 1209(D).[6]

¶ 13 In the present case, the Commissioner alleged Appellant engaged in acts or practices prohibited by the Military Sales Rule, which is not included within the definitions of unfair or deceptive acts or practices set forth in § 1204. Thus, these proceedings should have proceeded pursuant to § 1209 and not §§ 1206–1208. The Commissioner had no authority to issue its own cease and desist order, but was required instead to seek such an order from the district court. For this reason, we hold the Commissioner improperly issued a cease and desist order and the district court erred in affirming the same. The district court's judgment is therefore reversed and this matter is remanded to the Commissioner for further proceedings not inconsistent with this opinion. Having so

ruled, we need not address Appellant's remaining propositions of error.

¶ 14 REVERSED AND REMANDED.

BUETTNER, P.J., and JOPLIN, J., concur.

---

5. Subsection 1209(B) states in relevant part:
 If [the Commissioner's] report charges a violation of this article and if such method of competition, act or practice has not been discontinued, the Commissioner may cause a petition to be filed in the district court ... to enjoin and restrain such person from engaging in such method, act or practice.... The court shall have jurisdiction of the proceeding and shall have power to make and enter appropriate orders in connection therewith and to issue such writs as are ancillary to its jurisdiction or are necessary in its judgment to prevent injury to the public pendente lite.

6. Subsection 1209(D) provides:
 If the court finds that the method of competition complained of is unfair or that the act or practice complained of is unfair or deceptive, that the proceeding by the Commissioner with respect thereto is to the interest of the public and that the findings of the Commissioner are supported by the weight of the evidence, it shall issue its order enjoining and restraining the continuance of such method of competition, act or practice.